**In the Matter of Fred W. PHELPS, Sr., Respondent.**

**No. 85–2126.**

United States District Court, D. Kansas.

Sept. 11, 1987.

Marvin E. Thompson, Russell, Kan., for the Court.

Margie J. Phelps of Phelps, Chartered, Topeka, Kan., for respondent.

## MEMORANDUM OPINION, ORDER AND JUDGMENT

Before McKAY, SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges.[*]

This is a disciplinary action brought in the United States District Court for the District of Kansas against Fred W. Phelps, Sr., who is admitted to practice before this court.

After investigation, counsel appointed pursuant to local Rule 4A X filed a disciplinary complaint in which respondent is charged in four (4) counts with knowingly advancing claims that are unwarranted under existing law, in violation of DR 7–102(A)(2) of the Disciplinary Rules of the Code of Professional Responsibility, and that such action would serve merely to harass or maliciously injure another, in violation of DR 7–102(A)(1). A fifth count charges that the conduct charged in the preceding counts represents conduct that adversely reflects on respondent's fitness to practice law, in violation of DR 1–102(A)(6).

Count I of the complaint arose out of a case brought by respondent, Mr. Phelps, on behalf of his client, Jesse O. Rice. The defendants in that action had prevailed either by way of summary judgment or by judgment after jury trial. Thereafter, the attorneys for the prevailing defendants in that civil rights action filed a motion for attorney's fees to be assessed against the plaintiff, Mr. Rice, or, in the alternative, Mr. Rice's counsel, respondent, Mr. Phelps. The court denied the award of attorney's fees. Thereafter respondent sent a letter on behalf of his client addressed to fifty-seven (57) different persons in which he asserted claims against each of the addressees "for malicious prosecution of a civil action for fees against him [Mr. Rice] July 30, 1982, . . . ." The letter offered settlement for $150,000 and certain promises. A copy of the letter, marked as "Exhibit 'A'", is attached.

Count II charges Mr. Phelps with writing a letter to Mr. Thornton Wilson, the chief executive officer of Boeing Company, Seattle, Washington, asserting "tortious interference with contract rights with a racial animus." The claim arose out of a matter wherein respondent represented Mr. John Allen Smith to handle a claim of employment discrimination against the Boeing Company. The respondent had advised Boeing of its representation of Mr. Smith, stating the alleged factual basis for the claim of discrimination and offered to settle the case. Thereafter Boeing and respondent's client, Mr. Smith, settled Mr. Smith's claim by written agreement. The settlement was entered into as a result of a grievance filed by Mr. Smith's union on his behalf. The letter charged in Count II charged that the settlement by Boeing constituted interference with the employment contract between respondent and his client, Mr. Smith. Count II concludes that, in mailing the letter of May 30, 1983, respondent knew that the Smith complaint was with Boeing in Wichita, not Seattle, and that the mailing of that letter was with intent to harass another, in violation of DR 7–102(A)(1).

Count III charges that respondent sent a letter on September 3, 1983, addressed to numerous officials of the City of Hutchinson, Kansas, charging them with maliciously causing a libelous statement concerning respondent's client, Mr. Koch, to be published in The Wichita Eagle-Beacon. Count III charges that the letter was sent asserting a claim that was unwarranted against any of the addressees other than the city

---

[*] Upon the recusal of all District Judges for the United States District Court for the District of Kansas, this panel of Circuit Judges was designated by the Chief Judge of the Tenth Circuit Court of Appeals to sit as a three-judge district court to hear this disciplinary matter.

attorney. A copy of that letter, marked as "Exhibit 'I' ", is attached.

Count IV charges that on November 10, 1983, respondent wrote letters to various officers and employees of Boeing Military Airplane Company in Wichita, Kansas, asserting that respondent's client, Mr. Carr, had a civil rights claim against the addressees of the letter. The count charges that the letter sent was the advancement of an unwarranted claim under existing law, in violation of DR 7–102(A)(2).

Count V charges that each of the letters referred to in the first four counts constitutes conduct that adversely reflect on respondent's fitness to practice law, in violation of DR 1–102(A)(6).

■ Respondent's principal defense was asserted by way of a motion to dismiss. In the motion respondent contended that, even if he had no reasonable basis in fact or in law for the letters, the letters did not constitute the advancement of claims but rather were the pursuit of what he asserted to be necessary steps in the investigation of possible claims. Respondent cited in support of that position *Nelson v. Miller*, 227 Kan. 271, 607 P.2d 438 (1980). This court denied the motion. We concluded that, although *Nelson v. Miller* imposes upon an attorney a duty to investigate his client's claim and suggests that an attorney should send a demand letter before filing suit, that case does not suggest (as respondent argued) that a demand letter can only be considered part of an investigation and should never be considered the advancement of a claim. It is as much a violation of unwarranted demands or unwarranted claims to send a demand letter before suit which is not based in fact or law as it is to bring such a suit itself. The court concluded that the letters on their face clearly constituted demands and were not merely investigatory. We further concluded that the principal remaining contested issue of fact as to Count I was whether at the time of the writing of the letter on May 23, 1983, did respondent know that, under the facts and circumstances then known to him, his client, Mr. Rice, did not have a claim for malicious prosecution against Ho-

ward, Tedesco, and forty-five (45) other members of the law firm of Foulston, Siefkin, Powers & Eberhardt, based on the filing of a motion for fees and the subsequent order denying the motion. A further issue remained as to whether respondent knew or it was obvious that the letter would serve merely to harass or maliciously injure the addressees of the letter. As to Count II there remained issues as to whether at the time of the demand letter involved in that count did the respondent know that: (a) his client had filed a claim under the union contract with the Boeing Company; (b) the contract contained a procedure for settlement of employees' complaints; (c) Boeing Company as a matter of law was required to comply with the contract terms providing for a consideration of such grievances by respondent's claim; and (d) the settlement of grievance included a purported settlement of the civil rights claim of respondent's client. That count included a necessity to analyze whether settlement of a civil rights violation claim as a part of an arbitration of grievance under procedures established in a collective bargaining agreement constitutes an interference with the employment contract between the employee and his attorney covering his civil rights violation claim arising out of the same conduct.

The issues remaining in Count III were whether at the time of the writing of the letter charging numerous persons with causing a "patent lie" to be published respondent had a reasonable basis to believe that anyone to whom the letter was addressed other than the city attorney had caused the publication.

The remaining issues in Count IV were whether at the time of the writing of the letter respondent knew that his client's pay had been docked by his employer and not by the attorney for the law firm representing his client's employer, and that the letter sent to the client's attorney was an unwarranted demand meant to harass that attorney.

Finally, the issue as to Count V was whether, if the court concluded that any of the previous counts were properly sus-

tained against the respondent, that conduct adversely reflected on respondent's fitness to practice law.

After the filing of proposed pretrial orders, investigative counsel and respondent entered into a stipulated recommendation of disposition. The stipulation acknowledged the court's position that the key issue was the respondent's "knowledge and state of mind with respect to the contents of each letter constituting the subject matter of the disciplinary complaint herein, at the time each such letter was mailed." ("Order" filed June 24, 1986, p. 3). In this stipulation respondent recognized that the language of the letters which were the subject of Counts I and III could be construed as advancement of unwarranted claims in that: (1) Count I involving letter of May 23, 1983, addressed to the City of Wichita, named officials thereof and a Wichita law firm, assert that respondent's client, Jesse Rice, "has a claim against each 57 of you for malicious prosecution of a civil action for fees against him July 30, 1982," and offering to settle for $150,000, which assertion of malicious prosecution was unwarranted; and (2) Count III involving the letter of September 3, 1983, to the City of Hutchinson and the officials therein addressed, asserting that they caused a libelous and defamatory statement to be published in a newspaper concerning respondent's client, Tom Koch, which assertion by respondent as to the officials other than the city attorney was unwarranted. As to Counts II and IV, the stipulation includes an indication that, at the time of the letter in Count II, respondent did not know that his advancement of claim was unwarranted because he did not know that Boeing, in settling the grievance of John Smith concerning his contract claim, was pursuing procedures required under the union contract and that the settlement which in fact occurred reported to settle civil rights claims of Mr. Smith against Boeing and that as to Count IV the issues asserted in the letter of November 10, 1983, which is the subject of that count, are matters pending in litigation, and any consideration of those matters in this proceeding should be dismissed in order to preclude prejudice to any party in that pending litigation.

The court has considered the voluminous pleadings, evidence and a presentation to the court by the respondent in person and through counsel. Notwithstanding the stipulation of investigative counsel that Counts II, IV and V should be dismissed, the court considers it its duty to the proper discipline of the bar to consider whether that recommendation is well-founded and further to consider whether the stipulated plea to the charges contained in Counts I and III are sustained in order that unwarranted charges against a practicing attorney will not be affirmed.

The court concludes that the charges contained in Counts II, IV and V have not been sufficiently sustained in order to establish a violation of the disciplinary rules.

The court has concluded that as to Counts I and III the evidence sustains that the demand letters were unwarranted, that they represented demands—not merely investigation, and, further, that respondent's frame of mind—notwithstanding his assertion to the contrary—was in accord with the charges made in those counts. Therefore, the court finds that Counts II, IV and V of the complaint should be, and are hereby, dismissed with prejudice. The court further finds that Counts I and III of the complaint are dismissed with prejudice insofar as they contend any violation of DR 7–102(A)(1). The court further holds that the respondent has been guilty of advancing unwarranted claims as asserted in Counts I and III in violation of DR 7–102(A)(2).

After full deliberation, the court has determined that the appropriate disciplinary action should consist of public censure by way of the publication of this Memorandum Opinion, Order and Judgment. While under ordinary circumstances the court might have considered the actions sustained herein as worthy of only private censure, we conclude that, in view of the respondent's history of disciplinary action against him (referring specifically to his discipline by this court as sustained by the Tenth Circuit Court of Appeals in *In re Phelps*, 637 F.2d 171 (10th Cir.1981)), a more serious disci-

pline is warranted. Under all the circumstances, the court unanimously concludes that public censure is the appropriate remedy, and it is so ordered. It is further ordered that respondent refrain from advancing unwarranted claims in the future.

The court has read and considered the application of investigative counsel for attorney's fees. The court concludes that the statement of attorney's fees and costs is warranted and should be paid in accordance with law by the clerk of the court.

1052

3701 W. 12th
Topeka, KS 6. J4
(913) 273-0325
May 23, 1983

*Rcd 24 A*
*May*

DEPOSITION
EXHIBIT
5

City of Wichita                    Bernard Borst
E.H. Denton                        Gary E. Rebenstorf
Kathy Pearce                       City Hall
Larry O. Landrith                  455 N. Main
Frank P. Chacon                    Wichita, KS 67204
Richard R. Harris
Dr. G.D. Robinson                  Robert Howard
James Peters                       Nola Tedesco
City Hall                          + 45 other members of
455 N. Main                        FOULSTON, SIEFKIN, POWERS & EBERHARDT
Wichita, KS 67204                  700 Fourth Financial Center
                                   Wichita, KS 67202

Re:  Jesse O. Rice v. City of Wichita, et.al.

Dear Ladies & Gentlemen:

I represent Mr. Rice who has claims against each 57 of you for malicious prosecu-
tion of a civil action for fees against him July 30, 1982, which you initiated
without probable cause and with malice, and which terminated favorably to him by
judgment entered December 20, 1982. Further, it appears that you prosecuted Mr.
Rice pursuant to a conspiracy against black civil rights plaintiffs and their
counsel, designed to thereby deter them from future civil rights actions, and
thus you had an improper motive inspired by a racial animus, in violation of §§
1981 and 1985; all under color of state law, implicating § 1983. Your unlawful
conduct has proximately caused Mr. Rice substantial injury, damage, and loss.
This is a demand for money damages and equitable relief.

Mr. Rice will at this time strictly compromise and settle all existing claims
against you for $150,000 + your promise in writing not to thus retaliate against
blacks in the future. Otherwise, and unless settlement is thus effected, Mr. Rice
intends suing in federal court in diversity for full recovery of all damages.
Nelson v. Miller, 227 Kan. 271 (1980). Settlement to be made by June 10, 1983.

If you dispute said claims in whole or in part this extends to you the opportunity
to set forth your version of the facts in writing in full and complete detail and
accompanied by all documentation you have in support thereof to reach the under-
signed by June 10, 1983. Because Mr. Howard has objected in the past to my corre-
sponding with each member of his firm directly in such matters, I assume that he
and Ms. Tedesco will see to it that each of the 45 members of said firm from July-
December, 1982, will be promptly advised of this demand letter so that they can
make any desired response under Nelson, 227 Kan. at 284. If such is not the case,
Mr. Howard should advise me immediately and I will communicate these premises
directly to each of the said 45 members of said firm not addressed herein.

Fred W. Phelps, Sr.

ep
cc

## EXHIBIT I

### FRED W. PHELPS
3701 W. 12TH · P. O. BOX 1000 · TOPEKA, KS. 66601

September 3, 1983

913 273-0330

City of Hutchinson, Kansas        )
George Pyle                       )
John Corey                        )        All sent only c/o:
Joan Schrag                       )
Dan Robison                       )·          Mike Stout
Ralph Gingerich                   )           700 Fourth Financial Center
Phillip Alexander                 )           Wichita, KS 67202
P.O. Box 1567                     )
Hutchinson, KS 67501              )

Re:  <u>Koch v. Hutchinson, et al.</u>

Dear Friends:

After the jury returned a verdict of $100,000 against the City of Hutchinson on September 2, 1983, it appears that you and each of you were angry afresh at Mr. Koch and set about a news media campaign to further injure this brave man in retaliation for his having prosecuted a civil rights action against you, and in violation of 42 U.S.C. § 1985(2), as well as the First and Fourteenth Amendments, all under color of state law, implicating § 1983. Among other things you did cause to be published at page 1C of the Wichita Eagle-Beacon, Saturday, September 3, 1983, the essentially false and defamatory news story attached hereto, including the following patent lie from ¶ 6 thereof:

> "Alexander said Koch later was fired because city
> officials thought he had withheld information from
> the county attorney that tended to prove the fire
> was not arson."

Thus, right after a federal jury concluded that Koch did not withhold information, you immediately republish the libel that he did, and add thereto that he "later was fired" because of it. You and each of you well know that Mr. Koch took early retirement because of a job-related injury and that he was not fired at all. Thus you have acted with intentional malice.

Mr. Koch intends to hold each of you personally liable in a fresh lawsuit in federal court. Before filing same, however, this letter extends to each of you the opportunity to make a public apology and retraction through the media, and see to it that said apology and retraction is circulated as prominently and as widely as the libel was in the attached article. Kindly provide this office with proof that you have done so within 10 days of the date of this letter.

Sincerely,

Fred W. Phelps

ep
cc  City Clerk